Good morning. My name is Donald Frick. I'm here on behalf of Neil R. Brown. Mr. Brown executed a plea agreement with the government as part of the plea agreement. He initially waived his right to appeal. However, he did not forfeit his right to appeal because the government failed for several reasons. First of all, plea agreements are contractual in nature, and the government didn't object to the filing of the appeal until several months or almost a year later. Secondly, the government breached the plea agreement by failing to dismiss, with prejudice, several counts in a superseding indictment. Therefore, Mr. Brown contends he has not waived or forfeited his right to file an appeal with the court. So do you – the ordinary – let's assume we agree that there was a breach of the agreement. I'm sorry, ma'am. Let's say that we agree there was a breach of the agreement. The usual remedy for that is a remand for – to determine – for the district judge to determine whether to give specific performance of the plea agreement or whether to allow you to vacate the plea. But I gather you don't want to vacate the plea. Mr. Brown is not contesting his plea or his plea of guilty. He's not contesting it. He's only contesting the sentence that was meted out to him. I understand that. But then what does it mean to say that the agreement was breached? He essentially wants to stick with the agreement, and part of the agreement is to waive the appeal. Well, the – you can have a contractual agreement when part of it is breached. That part that was applied in a contract and submitted, that that part is no longer valid. Okay. But this part wasn't breached. The appeal part wasn't. What was breached – what you're saying was breached was the dismissal part. So if you got a specific performance of the dismissal part, if, say, we ordered that it be dismissed with prejudice or the district court ordered that it be dismissed with prejudice, then there would be no problem. Well, we're not asking the Court to dismiss the plea agreement. Not the plea agreement. I'm sorry. Your problem – what you say was breached was that they didn't dismiss the other claims with prejudice. Right? We're not – we're not claiming the rest of the plea agreement was breached. We're only contesting that the part that his right to appeal was breached. And how was that breached? The government was supposed to file – was supposed to dismiss several counts with prejudice, and instead they only dismissed it. Period. And as you know, there's a distinct difference between dismissal with prejudice and a straight dismissal. Well, we understand that. I'm sorry, ma'am. I can't hear you. We understand that, counsel. But the defense counsel did not object to just – the judge said right at the end, well, we'll dismiss those counts. And wasn't there some duty on the part of – Ma'am, I'm sorry. I just cannot hear you. I'm sorry. Isn't there some duty on the part of defense counsel to stand up and say, now, be sure to add the words with prejudice? I will not argue that point, Your Honor. But I feel that the question of whether the counsel was incompetent at that particular time is something that would have to be brought up under a different – under the 2255. Now, we could cure this immediately by saying that that dismissal must be with prejudice, and we can amend that judgment very quickly. Isn't that all you need? No. Well, we're not asking – we're only asking the right to file the appeal, not to dismiss the sentence, or not to dismiss the plea itself. He pled guilty, and he's not contesting his plea of guilty. He only is contesting the sentence that was appraised – that was apportioned out to him. Well, did Mr. Brown object to the dismissal after the prosecution dismissed? No, he did not. And not at the district level. He did not. It wasn't until after Booker and von Fahn and Ammaline came out that it was realized that he now, because the sentencing guidelines no longer were mandatory, they were now mandatory. Well, did Mr. – excuse me, sir – did Mr. Brown waive any objection by not objecting after the government dismissed without indicating that it was with prejudice? I don't think he's waiving the objection. I think that it was up to his counsel to object. He's not waiving the objection in the district court. He is filing the appeal based upon the court's failure to dismiss with prejudice. The problem I'm having with your argument is that it seems to be apples and oranges. You're saying on the one hand that you want to have an appeal. On the other hand, there wasn't a dismissal with prejudice. But you don't want the dismissal with prejudice, and you don't want to vacate the plea agreement, which would be the implication of your argument. Well, I'm sorry. Maybe I'm misunderstanding what the Court is saying. The court – the district court, the people dismissed with prejudice. They should have dismissed with prejudice. They did not. And therefore, they have – Mr. Brown is able to go ahead and file an appeal based upon the government's breach, partial breach of the plea agreement. And do you have authority for the proposition that if there is a breach which can be – which is a technical breach and can be cured with simply an order, that that vacates essentially the promise not to appeal? That would – that would probably cure the thing, but it would still – would that then deny Mr. Brown the right to contest the sentence that he received? Yes, it would, because that's what he agreed to do if he got a dismissal with prejudice. So if he gets a dismissal with prejudice, that's what he's agreed to do. That's right. However, that – I guess we're talking – trying to compare things here. He's not trying to dismiss his plea of guilty. I understand that. Okay. Why don't you go on with the rest of your argument? To contest the sentence that was meted out to him. Go ahead. Okay. As far as the sentence that was meted out to him, his sentence under Blakely, Apprendi, Booker, Fanfan, and subsequently the cases here of this Court in Ammaline were meted out to him based upon facts not found by a jury or admitted by the defendant. Specifically, they raised the issue of the increase from 6 to 18 based upon sophisticated agency concealment, organizing leader, abuse of position of trust, and a tax loss that was not admitted by him or found by a jury. And it was the same thing in counts 22 through 40 and 43 through 46. The base level was 13, and it was increased to – was it 6? And it increased to 19 based upon, again, outside the U.S., organized leader, trust, all of these things were not admitted by the defendant nor found by a jury beyond a reasonable doubt. For that reason, we ask the Court to grant the – our appeal and allow Mr. Brown to be resentenced. Thank you. I'm going to reserve the rest for the rebuttal. Thank you. May it please the Court, Thomas Flynn for the United States. Your Honor, we'll stipulate that the dismissal was with prejudice. This Court has often said that it can take judicial notice of the records of the district court. I've been practicing in the Eastern District for 22 years, Mr. Frick, for an almost equal number of times – length of time. I don't think I've ever heard a judge there dismiss any counts in this situation with prejudice. In fact, if you look at the judgment form, which is promulgated by the Administrative Office of the Courts, there's no space for with or without prejudice. It just says dismissed. The way that this works is that if you think it's dismissed with prejudice and the government re-indicts you, you go before the district court and you point out that you think it's with prejudice. Actually, under our case law, it would be wiser to dismiss it with prejudice because there really is a difference. And there is some case law suggesting that if it's not said to be with prejudice, it's without prejudice. Well, I will certainly pass that on when I get back. But for the reasons the Court stated, the remedy would simply be – and we'll stipulate to it that this is with prejudice. That was clearly what everybody intended. Nothing to the contrary was said. And I don't think the district court would even need an order from this court. We'll simply file a stipulation there. The other thing, the defendant has admitted that he's not challenging his plea. And the thing about appeal waivers is that their validity is dependent not on what happens at sentencing or after the plea, but at the time of the plea itself. In order to challenge an appeal waiver, there has to be something wrong with the plea. And the defendant has never said that there was anything wrong with his plea. In fact, he just now said that he's not challenging that plea. So I would like to point the Court to a case cited in our brief, United States v. Nunez, that says even so important a right as the right to the assistance, effective assistance of counsel, is waived when you waive your appeal. The Court's left open the question whether that could be raised even in the face of a legal attack, which there was here, but we're not in that situation. That's not my understanding of our law. I will look at Nunez, but I thought our law was directly to the contrary, that ineffective assistance isn't waived. It's not waived if it attacks the effective assistance at the time of the plea. Right. It is waived if the ineffective assistance is asserted at the time of sentencing, which is what's happening here. The ---- Well, you're not suggesting if, in fact, the plea agreement had been breached by the government, then certainly an appeal would lie, and what we would do would be send it back and offer him an opportunity to withdraw the plea or whatever else. But your contention here is that there was no breach. That's the first contention, and the second one is that the remedy for this breach is quite obviously that specific performance, that you dismiss it with prejudice. I would also like to point out that the defendant ---- this is more of an equitable consideration, but the defendant is running a considerable risk here if, in fact, there is a resentencing. If the Court remembers, the district court gave the defendant a considerable break by first finding that the defendant had not had a sufficient opportunity to address the question of whether he obstructed justice by lying at his sentence and in the pre-sentencing documents. So it refused to impose the two points for that. It then went on to find that he had satisfactorily accepted responsibility. We would object to that, but we didn't appeal it. On remand, if there is one, the defendant will have a chance to address the obstruction of justice issue. The Court has already found that he lied at sentencing. So it's entirely possible that he would get not only two points for obstruction of justice, but be precluded by that from getting the two points for acceptance. His bottom guideline range would then go from 70 months to 108 months. He has about three more years to serve on his sentence, and the effect of that would be to double the length of his incarceration. Again, I think Mr. Frick will back me up on this. In the time since Booker, and you could look at the district court records for this, I do not believe that Judge Burrell has once found exercise to his discretion to depart under Ameline from the guideline range. I believe he has in every sentencing imposed a guideline sentence, which means that it's quite possible, if not likely, that the defendant's sentence would end up being much longer. So there's no equitable argument here that he will fare better. At the most, he will get what he got, which is 70 months. Asking for the district court to depart under Ameline, the discretion that's allowed there, would be like asking lightning to strike. I'd also like to point out that we're not relying entirely upon the waiver. We think that even without the waiver, the continuance would have been perfectly valid. In this respect, I think it's important to realize what abuse of discretion means. As I understand the court's law, there's a preliminary inquiry in abuse of discretion cases. The first is whether the district court got the law right. The second is whether it was clearly erroneous in finding the facts. And what abuse of discretion means is that the judge, after having gotten those two parts right, can do whatever is appropriate. That's what it means for a district court to have discretion. There's no question here that the judge had the law right. In fact, he sent the attorneys out to check on it. They came back. There's no claim that the three-factor test that he used is the wrong test. He knew exactly what it was. He knew the cases that it was based on. And I don't think there's any question that his findings were clearly erroneous. His finding was that the defendant had engaged in a, this is a quote, strategic attempt to delay sentencing, and that the, another quote, the purpose of his request was to delay the sentence. There's abundant evidence here that that's exactly what the defendant did. In fact, there's a psychiatric report that said that most of the things the defendant was doing were malingering to avoid prosecution, that he had been refusing to take his medication to make himself more sympathetic. There was a discussion with the defendant's son in which the son said that Mr. Brown had told him that he had planned to stop taking his medication to avoid trial and to get sympathy with the court. There are all of those things that amply support the district court's decision that all the defendant was doing was trying to avoid sentencing. So given that, and the fact that it's perfectly possible to waive ineffective assistance of counsel at sentencing, which is what the defendant claims happened here. You know, I understand that that's our law. I have been long troubled by the notion that you can knowingly and intelligently waive a constitutional violation that hasn't happened yet. And I understand we say that, but someday I'd like someone to explain that to me. What's knowing and intelligent about a waiver of an event that hasn't yet occurred? Well, Your Honor, when the defendant waives it, he knows that he's taking a risk, but he's getting a benefit for it. It's no different than many things that happen in the law. I mean, defendants and prosecutors make these sorts of bargains all the time. You exchange certainty about ‑‑ Totally unknown risk in this. Pardon? It's a totally unknown risk is the problem. It's a risk that's impossible to evaluate. Well, I don't think these risks were totally unknown. For instance, if what he's talking about is Booker, you may not have been able to predict how Booker was going to come out, but it had been in the works, I mean, ever since Apprendi, that something was going to happen. And the defendant ‑‑ Anyway, it's amusing. It's not particularly relevant, but I've always been mystified by it. It is. I think it's also, though, important to know that it's possible that the defendant still has remedies. We'd oppose them, but there is the possibility that he did not waive a 2255 attack on his sentencing. There are ‑‑ I suppose if the, you know, the government hadn't gone along with this part of the bargain as to recommending the bottom of the guidelines, he would have a remedy then. I don't think that in this case anything happened that he could not have anticipated.  Thank you very much. I will not go back over the ‑‑ with the Court the waiver of appeal or the contention that the government breached the agreement. What I will go over is that under the Booker, Fanfan, and Amaline decision, certain With regard to the waiver, is the government right that this is the standard form that's used in the district and that no one's ever been prosecuted under it? I'm sorry. Is it your experience that this ‑‑ with regard to the waiver, is it your experience that the ‑‑ in fact, this is the standard form that is used in the district, i.e. dismissal without stating with prejudice, and that no one's ever been prosecuted under those circumstances? Yes, it is. It's the practice where they normally just dismiss. However, it doesn't change the fact that in the plea agreement, they said dismiss with prejudice, and it was an adhesion-type contract. Go ahead. Okay. Again, looking at Booker and Fanfan and Apprendi and Amaline, Booker was basically a decision to ‑‑ where the individual was sentenced based upon facts not found by a jury or admitted by him, and all of the enhancements that were meted out to Mr. Brown were not admitted by him nor found by a jury beyond a reasonable doubt. For that, we submit it. Thank you very much. We thank the attorneys, and we submit the case of United States v. Brown. Thank you very much.
judges: B .Fletcher, Berzon, Houston